

| | | | | | | |
|---|---|---|---|---|---|---|
| **Raed Gonzalez, JD, LLM** *Chairman* Pro Bono College State Bar of Texas; College of the State Bar of Texas; Supreme Court of the United States, Texas, and Puerto Rico; U.S. Courts of Appeals for the 1st, 2nd, 3rd, 5th, 6th, 9th and 11th Circuits; U.S. District Court for the Southern District of Texas | **Ross Miller, MS, JD** *Managing Shareholder* Supreme Court of the United States and Texas; U.S. Courts of Appeals for the 5th and 11th Circuits; U.S. District Court for the Southern District of Texas **Yasmen B. Iqbal, JD** Supreme Court of Texas | **Alexandre Afanassiev, JD** *Shareholder* Supreme Court of the United States and Texas; U.S. Court of Appeals for the 5th Circuit; U.S. District Court for the Southern District of Texas; Board Certified in Immigration & Nationality Law by the TBLS | **Pamela Dones, JD** *Partner* Supreme Court of Illinois and Puerto Rico **Ezinne Okoko, LLB** Supreme Court of New York, Appellate Division Third Judicial Department; U.S. Courts of Appeals for the 2nd and 5th Circuits | **Charles Gillman, JD** Court of Appeals of New York; U.S. District Court for the Southern District of New York **Johnny Rosado, JD** Supreme Court of the United States and Puerto Rico; U.S. District Court for the District of Puerto Rico | **Andrea Santiago, JD** *Partner* Supreme Court of Puerto Rico **Ramiro Narro, JD** Supreme Court of the U.S. and Texas; U.S. Court of Appeals for the 5th Circuit; U.S. District Court for the Southern District of Texas | **Frances Bourliot, JD** *Partner* Supreme Court of Texas; Texas Bar Foundation Fellow **Ana Piñero Pares, JD** Supreme Court of Puerto Rico; U.S. Court of Appeals for the 1st Circuit |
| **Marcos Bonilla, JD, LLM** Supreme Court of the U.S. and Puerto Rico; U.S. District Court for the District of Puerto Rico | **Reynaldo Cue, LLB, LLM** Supreme Court of New York, Appellate Division Third Judicial Department; Supreme Court of Texas | | **Genesis Marrero, JD** Supreme Court of Puerto Rico **Gabriela Rivero, JD, LLM** Supreme Court of Utah | **Patrick Basilious, JD** District of Columbia Court of Appeals; U.S. District Court for the Southern District of Texas | **Sepeedeh Javaherifar, JD** *Partner* Supreme Court of Texas **Eliud Acevedo, JD, MBA** District of Columbia Court of Appeals | **Amanda Vilanova, JD** Supreme Court of Missouri; U.S. District Court for the Eastern District of Missouri |
| | | | | **Bryce Evans, JD** Supreme Court of Missouri **Anthony Mourad, JD** Supreme Court of Texas | | |

August 13, 2025

The Honorable George C. Hanks, Jr.
United States District Judge
515 Rusk Street, Room 6202
Houston, Texas 77002

Re:   *Nonalsi Bravo v. Bradford et al*, No. 4:25-cv-01556
       Plaintiff's Response to Defendants' Court Procedure 6(B) Letter

Dear Judge Hanks:

Plaintiff submits this letter in response to Defendants' request for a premotion conference to file a motion to dismiss. *See* ECF No. 14. Defendants allege that dismissal of the present lawsuit is warranted on the basis of lack of subject matter jurisdiction and qualified immunity. Plaintiff respectfully disagrees.

Courts confronting Bivens claims generally "must ask two questions. First, do the plaintiff's claims fall into one of the three existing Bivens actions? Second, if not, should we recognize a new Bivens action here?" *Cantú v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019).

First, contrary to the Defendants' assertion, this case falls into already existing Bivens claims. Indeed, in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court specifically found that there was a cause of action for



damages arising from the Federal agents' violation of Bivens' rights under the Fourth Amendment.

Like *Bivens*, the Plaintiff in this case submits that the Federal agents violated his Fourth Amendment rights, when they arrested and detained him at gunpoint, manacled him in front of his friend and his friend's minor child, and searched his person, without a warrant, on the erroneous basis that he was an undocumented and deportable "alien," although a simple search of the Executive Office for Immigration Review ("EOIR") system could have revealed that Plaintiff had no removal order.

As such, since this Fourth Amendment violation is the course of action in the present lawsuit, Plaintiff submits that this Court has subject matter jurisdiction over this case. Similarly, the Supreme Court has found that a Bivens action exists when the Due Process Clause of the Fifth Amendment is violated. *See Davis v. Passman*, 442 U.S. 228 (1979) (cleaned up).

However, even if the Fourth and Fifth amendment violations at issue could be construed as new contexts, Defendants have not pointed to any special factor that would prevent the extension of Bivens to the case at bar.

Next, Plaintiff submits that Defendants are not entitled to qualified immunity. When a defendant pleads qualified immunity as a defense, the Plaintiff must rebut the defense by raising a genuine issue of material fact suggesting the defendant's conduct violated an actual constitutional right, and the defendant's actions were objectively unreasonable in light of clearly



established law at the time of the conduct in question. *See Bagley v. Guillen*, 90 F.4th 799, 802 (5th Cir. 2024)

Plaintiff is a Legal Permanent Resident of the United States. His removal proceedings were terminated in 2021 (four years ago). The termination of his proceedings was easily verifiable through the EOIR information system – a simple system that works by entering an A-number. This system is used by noncitizens (including those without legal representation), to check the status of their removal proceedings. For the Court to extend qualified immunity to Defendants in this case, would mean that Defendants do not have to confirm the status of a noncitizen's removal proceedings before seizing, searching, detaining and deporting said person.

The Supreme Court has stated that qualified immunity extends to "all [officials] but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Defendants in this case were either plainly incompetent, or knowingly violated the law, or acted with reckless disregard for Plaintiff's established constitutional rights. As such, they are not entitled to qualified immunity.

In sum, Plaintiff respectfully requests the Court to deny Defendants request for a pre-motion conference to file their dispositive motion. However, should the Court grants Defendants' request, Plaintiff respectfully asks that he be allowed 10 days to respond to Defendant's motion from the date said motion is served on Plaintiff.

9920 Gulf Fwy, Suite 100, Houston TX 77034, Tel:713-481-3040, Fax:713-588-8683
http://www.gonzalezolivierillc.com  http://www.evitaladeportacion.com
rgonzalez@gonzalezolivierillc.com

Respectfully submitted,

*/s/ Raed Gonzalez*
Raed Gonzalez, Esq.
GONZALEZ OLIVIERI, LLC
9920 Gulf Freeway, Suite 100
Houston, TX 77034
Phone: (713) 481-3040
Fax: (713) 588-8683
rgonzalez@gonzalezolivierillc.com

cc: Counsel of record (via CM/ECF)